MATTHEW T. HALE
Nevada Bar No. 16880
JOHN M. ORR
Nevada Bar No. 14251
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*MHale@GGTrialLaw.com*
*JOrr@GGTrialLaw.com*

Attorneys for Plaintiff
Laura Bondgien

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA BONDGIEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PRIME THERAPEUTICS LLC dba PRIME THERAPEUTICS, a Delaware limited liability company,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(2) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br><br>**(3) RETALIATION (N.R.S. § 613.340);**<br><br>**(4) RETALIATION (42 U.S.C. § 12203 *et seq.*);**<br><br>**(5) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);**<br><br>**(6) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A)); and**<br><br>**(7) FMLA INTERFERENCE.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Laura Bondgien ("Plaintiff" or "Ms. Bondgien") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 C.F.R. § 825.220, 42 U.S.C. § 12112 et seq., and 42 U.S.C. § 12203 et seq.

2. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Nye County, Nevada.

**NATURE OF THE ACTION**

4. Ms. Bondgien began working for Prime Therapeutics as a Clinical Review Technician in November 2018. She suffers from cerebral palsy and stiff person syndrome. When her physician requested modest adjustments to a new productivity requirement, Prime Therapeutics refused. Instead, it pressured her onto disability leave in May 2023 and barred her return unless all of her medical restrictions were removed. On or about November 14, 2023, Prime Therapeutics terminated her employment on a false and pretextual basis. In reality, Prime Therapeutics wrongfully terminated Ms. Bondgien in discrimination based on her disabilities and in retaliation for her protected activity.

**PARTIES**

5. Plaintiff is, and was at all relevant times herein, a resident of Nye County, Nevada.

6. Defendant Prime Therapeutics LLC dba Prime Therapeutics ("Prime Therapeutics") is a Delaware limited liability company that conducts business in Nye County, Nevada.

**FACTUAL ALLEGATIONS**

7. On or about November 26, 2018, Ms. Bondgien began working for Prime Therapeutics as a Clinical Review Technician.

8. Ms. Bondgien suffers from cerebral palsy and stiff person syndrome, disabilities that

cause significant pain, stiffness, and mobility limitations. Prime Therapeutics was aware of Ms. Bondgien's disabilities.

9. During her employment, Ms. Bondgien maintained an intermittent leave case under the Family and Medical Leave Act for absences related to the treatment of her disabilities.

10. On or about November 1, 2022, Prime Therapeutics implemented a new case-review system that required employees to complete 14 "touches per hour." Because of her disabilities, Ms. Bondgien required an adjustment to this productivity requirement.

11. Ms. Bondgien's physician requested reasonable accommodations on her behalf, including no overtime, a modified productivity expectation of approximately 12 touches per hour, and permission to work with her medical restrictions. Prime Therapeutics refused these accommodations, offered only additional breaks that Ms. Bondgien would be required to make up by working later, and failed to engage in a good-faith interactive process.

12. On or about May 19, 2023, rather than accommodate Ms. Bondgien, Prime Therapeutics pressured her to stop working and take short-term disability leave.

13. Ms. Bondgien was scheduled to return to work on or about August 4, 2023. On or about July 31, 2023, Prime Therapeutics informed Ms. Bondgien that she could not return to work unless all of her medical restrictions were removed and that the 14-touches-per-hour requirement remained in place, thereby denying her restoration to her position.

14. While Ms. Bondgien remained on disability leave, she submitted an additional request for reasonable accommodation. Prime Therapeutics denied the request.

15. On or about November 14, 2023, rather than accommodate Ms. Bondgien's ongoing medical restrictions, Prime Therapeutics terminated Ms. Bondgien's employment on a false and pretextual basis.

16. In reality, Prime Therapeutics wrongfully terminated Ms. Bondgien in discrimination based on her disabilities and in retaliation for her protected activity, including her requests for reasonable accommodation and her use of medical leave.

17. On July 15, 2024, Plaintiff timely dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission

("NERC"). On August 26, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right-to-sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right-to-sue notice.

18. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Bondgien is a qualified individual with disabilities within the meaning of the Americans with Disabilities Act and Nevada Revised Statutes, suffering from cerebral palsy and stiff person syndrome, conditions that substantially limit one or more major life activities, including walking, moving, and musculoskeletal and neurological function. Ms. Bondgien engaged in protected activity by disclosing her disabilities, requesting reasonable accommodation for her disabilities through her physician, taking intermittent FMLA leave and disability leave, and submitting an additional request for reasonable accommodation.

19. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

20. *Reckless Indifference and Conscious Disregard:* Defendant Prime Therapeutics LLC dba Prime Therapeutics knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Prime Therapeutics LLC dba Prime Therapeutics willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

21. *Malice:* The conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics was committed with malice, including that (a) Defendant Prime Therapeutics LLC dba Prime Therapeutics acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her good faith complaints, and/or (b) the conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22. *Oppression:* In addition, and/or alternatively, the conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics was committed with oppression, including that the

actions of Defendant Prime Therapeutics LLC dba Prime Therapeutics against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics, as alleged, was fraudulent, including that Defendant Prime Therapeutics LLC dba Prime Therapeutics asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and depriving her of legal rights or otherwise injuring Plaintiff.

24. Further, Defendant Prime Therapeutics LLC dba Prime Therapeutics is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Prime Therapeutics LLC dba Prime Therapeutics had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

**<u>FIRST CLAIM FOR RELIEF</u>**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Laura Bondgien against Defendant Prime Therapeutics LLC dba Prime Therapeutics)**

25. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26. Plaintiff was employed by Defendant Prime Therapeutics LLC dba Prime Therapeutics, an employer as defined by N.R.S. § 613.310. Employers are prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 et seq. Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

27. The acts and omissions of Defendant Prime Therapeutics LLC dba Prime Therapeutics, as more fully set forth herein, constituted discrimination within the meaning of N.R.S.

§ 613.330.

28. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

29. Plaintiff charges that Defendant Prime Therapeutics LLC dba Prime Therapeutics discriminated against the Plaintiff based on her protected status.

30. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

31. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

32. The acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Prime Therapeutics LLC dba Prime Therapeutics, and to make an example of and deter Defendant Prime Therapeutics LLC dba Prime Therapeutics from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

### Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.

### (Plaintiff Laura Bondgien against Defendant Prime Therapeutics LLC dba Prime Therapeutics)

33. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

34. Plaintiff is a member of the class of persons protected by federal statutes prohibiting

discrimination based on disability.

35. Defendant Prime Therapeutics LLC dba Prime Therapeutics employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

36. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

37. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

38. Defendant Prime Therapeutics LLC dba Prime Therapeutics took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

39. The discriminatory acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

40. The discriminatory acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

41. The acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Prime Therapeutics LLC dba Prime Therapeutics, and to make an example of and deter Defendant Prime Therapeutics LLC dba Prime Therapeutics from engaging in such conduct in the future.

42. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs

in an amount according to proof.

**THIRD CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Laura Bondgien against Defendant Prime Therapeutics LLC dba Prime Therapeutics)**

43. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

44. Plaintiff was employed by Defendant Prime Therapeutics LLC dba Prime Therapeutics.

45. Plaintiff engaged in protected activity.

46. Defendant Prime Therapeutics LLC dba Prime Therapeutics was aware of Plaintiff's protected activity.

47. After engaging in protected activity, Plaintiff suffered an adverse employment action.

48. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

49. The conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

50. The acts alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Prime Therapeutics LLC dba Prime Therapeutics, and to make an example of and deter Defendant Prime Therapeutics LLC dba Prime Therapeutics from engaging in such conduct in the future.

51. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

**FOURTH CLAIM FOR RELIEF**

**Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

**(Plaintiff Laura Bondgien against Defendant Prime Therapeutics LLC dba Prime Therapeutics)**

52. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

53. Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

54. Plaintiff was an "employee" of Defendant Prime Therapeutics LLC dba Prime Therapeutics, as defined by 42 U.S.C. § 12111(4).

55. Employers, such as Defendant Prime Therapeutics LLC dba Prime Therapeutics, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 et seq. as well as against any person for requesting an accommodation as provided under the same statute.

56. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

57. As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Prime Therapeutics LLC dba Prime Therapeutics engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

58. The conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment, or requests an accommodation.

59. The conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and

other employment benefits, in an amount according to proof at trial.

60. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FIFTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Laura Bondgien against Defendant Prime Therapeutics LLC dba Prime Therapeutics)**

61. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

62. Plaintiff was employed by Defendant Prime Therapeutics LLC dba Prime Therapeutics, as defined by N.R.S. § 613.310.

63. Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq*. Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

64. Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

65. Plaintiff requested reasonable accommodation for her disability.

66. Defendant Prime Therapeutics LLC dba Prime Therapeutics failed to provide reasonable accommodation for Plaintiff's disability.

67. The failure of Defendant Prime Therapeutics LLC dba Prime Therapeutics to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

68. The acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

69. The acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged

herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Prime Therapeutics LLC dba Prime Therapeutics, and to make an example of and deter Defendant Prime Therapeutics LLC dba Prime Therapeutics from engaging in such conduct in the future.

70. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SIXTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)(A)**

**(Plaintiff Laura Bondgien against Defendant Prime Therapeutics LLC dba Prime Therapeutics)**

71. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

72. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

73. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

74. Defendant Prime Therapeutics LLC dba Prime Therapeutics employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

75. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

76. Plaintiff requested reasonable accommodation for her disability.

77. Defendant Prime Therapeutics LLC dba Prime Therapeutics failed to provide reasonable accommodation for Plaintiff's disability.

78. The failure of Defendant Prime Therapeutics LLC dba Prime Therapeutics to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an

employer to fail to provide reasonable accommodation to an employee with a disability.

79. The acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

80. The acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Prime Therapeutics LLC dba Prime Therapeutics, and to make an example of and deter Defendant Prime Therapeutics LLC dba Prime Therapeutics from engaging in such conduct in the future.

81. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

**Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)**

**(Plaintiff Laura Bondgien against Defendant Prime Therapeutics LLC dba Prime Therapeutics)**

82. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

83. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

84. Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

85. Under the FMLA, employers, such as Defendant Prime Therapeutics LLC dba Prime Therapeutics, are barred from interfering with, restraining, or denying the exercise of or the attempt

to exercise any rights provided under the FMLA.

86. Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

87. As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Defendant Prime Therapeutics LLC dba Prime Therapeutics engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

88. The conduct of Defendant Prime Therapeutics LLC dba Prime Therapeutics constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

89. The acts of Defendant Prime Therapeutics LLC dba Prime Therapeutics alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, in an amount according to proof at trial.

90. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant Prime Therapeutics LLC dba Prime Therapeutics as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiff would have received but for Defendant's wrongful conduct;

2. Liquidated damages;

3. Emotional distress damages;

4. Punitive and exemplary damages in an amount sufficient to punish Defendant Prime Therapeutics LLC dba Prime Therapeutics, and to make an example of and deter Defendant Prime Therapeutics LLC dba Prime Therapeutics from engaging in such conduct in the future;

5. For an award of reasonable attorneys' fees and costs incurred in this action;

6. For pre-judgment and post-judgment interest, as provided by law; and

7. For other and further relief as the Court may deem just and proper.

DATED: November 13, 2026 GREENBERG GROSS LLP

By: */s/ Matthew T. Hale*
Matthew T. Hale
John M. Orr

Attorneys for Plaintiff
Laura Bondgien

**DEMAND FOR JURY TRIAL**

Plaintiff Laura Bondgien hereby demands a jury trial.

DATED: November 13, 2026

GREENBERG GROSS LLP

By: */s/ Matthew T. Hale*
Matthew T. Hale
John M. Orr

Attorneys for Plaintiff
Laura Bondgien